**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NORTH DAKOTA**

| | | |
|---|---|---|
| Paul Craig Cobb, | ) | |
| | ) | |
| Plaintiff, | ) | **ORDER** |
| | ) | |
| vs. | ) | |
| | ) | |
| Southern Poverty Law Center, Inc., et al., | ) | Case No. 1:26-cv-354 |
| | ) | |
| Defendants. | ) | |

Plaintiff initiated the above-captioned action *pro se* on October 9, 2026, with the filing of a paid complaint. (Doc. No. 1). He also filed an "Emergency Motion for Leave to Participate in Electronic Filing (CM/ECF) as a Pro Se Litigant." (Doc. No. 2). Therein he requests that the court allow him to use CM/ECF, the court's electronic filing system, to upload and file documents directly from his computer to the court's case file, asserting:

> 1. Simultaneously with this motion, Plaintiff is initiating a comprehensive civil action under the Racketeering Influenced and Corrupt Organizations Act, 18 U.S.C. Section 1964(c), detailing a time-sensitive, ongoing physical safety crisis and severe localized tortious interference requiring instantaneous judicial coordination.
>
> * * *
>
> 2. Extreme geographic necessity exists because Plaintiff resides out of state in Arkansas, making standard physical delivery to the Bismarck clerk's desk impossible. Relying on traditional postal mail for subsequent filings creates a severe, multi-day procedural delay that catastrophically compromises Plaintiff's ability to protect their safety and constitutional rights in a rapidly escalating scenario.

(Doc. No. 2).

Federal Rule of Civil Procedure 5(d)(3)(B) provides in relevant part that a "[a] person not represented by an attorney . . . may file electronically only if allowed by court order or by local

rule." Fed. R. Civ. P. 5(d)(3)(B)(i). Some courts may have local rules permitting *pro se* litigants to file electronically in limited circumstances. See e.g., McMahon v. Cleveland Clinic Found. Police Dep't, 455 F. App'x 874, 878 (11th Cir. 2011) (unpublished decision) (affirming district court's denial of *pro se* plaintiff's access to CM/ECF to receive electronic notifications because the plaintiff did not show good cause); Oliver v. Cty. of Chatham, No. CV417-101, 2017 U.S. Dist. LEXIS 90362, at *1 (S.D. Ga. June 13, 2017) (noting that "[p]ro se plaintiffs are unable to use this system absent court authorization, which is sparingly granted," and denying pro se plaintiff's motion for CM/ECF access); *Dunn-Fischer v. Dist. Sch. Bd.*, No. 2:10-cv-512-FtM-29SPC, 2010 WL 3522215, at *1, 2010 U.S. Dist. LEXIS 98253 (M.D. Fla. Sept. 7, 2010) (opining that "[i]t is the District's preferred policy to disallow pro se litigants access to electronic filing unless extenuating circumstances exist to justify waiving CM/ECF procedures, and the plaintiff had not shown good cause"). However, this court's local rules make no such provision.

This court's local rules incorporate by reference the Administrative Policy Governing Electronic Filing and Service. D.N.D. Civ. L.R. 5.1(A). This policy in turn provides that a "*pro se* party may not register to use the [electronic case filing] system." Administrative Policy Governing Electronic Filing and Service at p. 1, https://www.ndd.uscourts.gov/ ecf/cm_ecf_policy.pdf. This means that Plaintiff is not permitted to file electronically in this district.

Even if this court's local rules did make limited allowances for *pro se* litigants to electronically file using CM/ECF, Plaintiff's concerns regarding delays he may encounter when filing documents conventionally by sending them through the U.S. mail system does not constitute an extenuating circumstance. See e.g., Clifft v. Sch. Dist. of Lee Cnty., No. 2:25-CV-345-JES-DNF, 2025 WL 3012038, at *1 (M.D. Fla. Oct. 28, 2025), reconsideration denied, No.

2:25-CV-345-JES-DNF, 2025 WL 3080533 (M.D. Fla. Nov. 4, 2025) (finding that the increased cost and time required to mail filings did not constitute good cause to allow a *pro se* plaintiff access to electronic notification and filing); Robinson v. Section 23 Prop. Owner's Ass'n, Inc., No. 2:16-CV-888-FTM-38CM, 2017 WL 1929662, at *2 (M.D. Fla. May 10, 2017) (failing to find good cause where plaintiff could prosecute his lawsuit via the U.S. Mail and by accessing the computer terminals in the Clerk's office). Although there may be some minimal delay associated with mailing filings to and from another state, in this case Arkansas, such delay does not constitute good cause to justify Plaintiff's use of CM/ECF. See Postell v. Nestle Prepared Foods Co. USA, No. 3:18-CV-1134-J-JBT, 2019 WL 5102552, at *2 (M.D. Fla. Jan. 25, 2019) (finding that delays encountered by a *pro se* litigant residing out-of-district did not constitute an extenuating circumstance to justify his use of CM/ECF). Plaintiff's request for leave to file electronically via CM/ECF is therefore **DENIED**.

**IT IS SO ORDERED.**

Dated this 14th day of October, 2026.

*/s/ Clare R. Hochhalter*
Clare R. Hochhalter, Magistrate Judge
United States District Court